IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MIRIAM CARDONA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:08-cv-1146-TMP |
| ) | |
| PACIFIC SEAFOOD, INC., and ) | |
| TY VAN NYUGEN, ) | |
| ) | |
| Defendants. ) | |

OPINION and ORDER

Before the court are two motions by plaintiff (Docs. 50 & 51) to strike the portions of the answers of defendants Ty Van Nguyen and Pacific Seafood, Inc., respectively.  In Document 50, plaintiff moves the court to strike defendant Nguyen's demand for a jury trial as well as affirmative defenses 1, 3, 4, 5, 7, 8, 9, 10, 11, 16, 17, 18, 19, 20, 21, and 22[1] as being insufficiently pleaded in the answer.  Similarly, plaintiff moves to strike Pacific Seafood, Inc.'s ("PSI") answer with respect to affirmative defenses 1, 3, 4, 5, 7, 8, 9, 10, 11, 16, 17, 18, 19, 20, 21, and 23, as well as PSI's jury demand.  Both defendants have filed responses to the motions.  (Docs. 54 & 55).

Plaintiff contends that certain of the affirmative defenses pleaded by the defendants are "insufficient" and subject to be being stricken under Rule 12(f) of the *Federal Rules of Civil Procedure*.  Rule 12(f) reads:

> The court may strike from a pleading *an insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

---

[1] The motion mistakenly refers to Nguyen's affirmative defense 23, when actually it is affirmative defense 22 that is challenged.  Nguyen has not pleaded an affirmative defense 23.

> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.  [Italics added for emphasis].

Generally, the striking of affirmative defenses is disfavored because it is a drastic and harsh remedy.

As explained by one court:

> A court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[a] motion to strike is a drastic remedy, which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp.2d 1345, 1348 (M.D. Fla. 2002) (internal quotations omitted).  Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Falzarano v. Retail Brand Alliance, Inc.* No. 07-81069-CIV, 2008 U.S. Dist. LEXIS 25358, at *1, 2008 WL 899257 (S.D. Fla. Mar.31, 2008) (citations and internal quotations omitted).  An affirmative defense will be stricken only if it is insufficient as a matter of law.  *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (citations omitted). An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. *Royal Palm Sav. Ass'n. v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989).
>
> Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it."  Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Zeron v. C & C Drywall Corp., Inc.*, 2009 WL 2461771, *1 (S.D. Fla. 2009); *see also Royal Palm Properties, LLC v. Premier Estate Properties, Inc.*, 2010 WL 3941745 (S.D. Fla. 2010); *126TH Ave.*

*Landfill, Inc. v. Pinellas County, Fla.*, 2010 WL 3245309 (M.D. Fla. 2010); *Barna Conshipping, S.L. v. 1,800 Metric Tons, more or less, of Abandoned Steel*, 2009 WL 1211334 (S.D. Ala., May 4, 2009).

Although the pleading of an affirmative defense does not require a detailed factual allegation, it cannot be a mere conclusory assertion. The pleading must be sufficient to give the plaintiff "fair notice" of the nature of the defense and the claim to which it applies. Although certain defenses may be identified simply by reference to the defense, such as "contributory negligence," others may require the allegation of facts to put the opposing party on notice of the essential nature of the defense. *See Woodfield v. Bowman*, 193 F .3d 354, 362 (5th Cir. 1999); *Barna Conshipping*, supra. The Southern District of Florida explained:

> Affirmative defenses are also subject to the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. While the rule does not require presentation of detailed facts, it does require the party raising the affirmative defense to "do more than make conclusory allegations." [*Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla.2005)] (quoting *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.2002)). Accordingly, despite liberal pleading requirements, where an affirmative defense is no more than "bare bones conclusory allegations, [it] must be stricken." *Morrison*, 434 F. Supp.2d at 1318. *See also Merrill Lynch Business Financial Services, Inc. v. Performance Machine Systems USA*, 2005 WL 975773, *11 (S.D. Fla.2005)(affirmative defenses are subject to the general pleading requirements of Rule 8(a) "and will be stricken if they failed to recite more than bare-bones conclusory allegations").

*Romero v. Southern Waste Systems, LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009). "Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which require 'a short and plain statement' of the defense." *Larson v. Correct Craft, Inc.*, 2005 WL 1902438, *2 (M.D. Fla. 2005);

*see also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp.2d 1314, 1318 (S.D. Fla. 2005). Moreover, the majority of district courts agree that the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, ___U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), apply to the pleading of affirmative defenses. *See Castillo v. Roche Laboratories Inc.*, 2010 WL 3027726, *2 (S.D. Fla. 2010). "The majority reasoning [is] that 'it neither makes sense nor is it fair to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for ... [his] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.'" *Castillo v. Roche Laboratories Inc.*, 2010 WL 3027726, *2 (S.D. Fla. 2010), quoting *Palmer v. Oakland Farms, Inc.*, No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, at *13, 2010 WL 2605179 (W.D. Va. June 24, 2010).

In the instant case, plaintiff challenges a number of affirmative defenses offered by both defendants. As to both answers by defendants, plaintiff contends that affirmative defenses 1, 3, 4, 5, 7, 8, 9, 10, 11, 16, 17, 18, 19, and 20 are insufficient and must be stricken. She also challenges PSI's affirmative defense 21. Furthermore, plaintiff challenges defendant Nguyen's affirmative defense 22, as well as PSI's similar affirmative defense 23. The court agrees that defenses 1, 16, 18, 19, and 20 in both answers, and defense 21 in PSI's answer, are insufficient as a matter of law and due to be stricken. All of these answers do nothing more than deny or negate an element of proof the plaintiff must carry as part of her *prima facie* case. As such they are not affirmative defenses, but denials of allegations necessary to plaintiff's *prima facie* case. One court has explained:

> "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999). "A defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). "An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case; as such, they are derived from the common law plea of 'confession and avoidance.'" *Id.* (quoting *Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986) (citation omitted)).

*Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, 2010 WL 3212066, *1 (S.D. Fla. 2010); *see Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). Because these defenses do not function as a "confession and avoidance," but simply as denials that plaintiff will be able to prove her case, they are not true affirmative defenses and are insufficient as a matter of law. Although they are hereby stricken, the plaintiff still retains the burden of proving all things she is required to prove to prevail, including any of the things denied by these defensive allegations to the extent she is required to do so.

The court also agrees that affirmative defense 3 in both answers is insufficient. Not only are no facts pleaded in support of the laches defense, laches is not available as a defense in an FLSA case in any event. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). Affirmative defense 3 is stricken.

Likewise, affirmative defenses 4 and 5 in both answers, which allege respectively improper venue and want of jurisdiction over the person of the defendant, are not pleaded with a sufficient factual basis, but are mere bare-bones conclusory assertions. Neither defendant has put plaintiff on "fair notice" as to why venue in this court is improper or why jurisdiction over the defendants is lacking. Both defenses are stricken. In similar fashion, affirmative defenses 11 and 17 make only

conclusory assertions that the defenses of accord and satisfaction, full payment, estoppel, waiver, *res judicata*, and collateral estoppel apply to the case without setting out any factual allegations to give the plaintiff fair notice of the nature of the defenses. Because these are only bare-bones allegations, they are insufficient as a matter of law and are stricken.

Affirmative defense 7 alleges a cap on FLSA damages. Because no such "cap" on damages exists in an FLSA case, *see Alexander v. Vesta Ins. Group, Inc.*, 147 F. Supp.2d 1223 (N.D. Ala., 2001), the defense is insufficient as a matter of law, and must be stricken.

Affirmative defense 8 in both answers is nothing more than a laundry list of defenses enumerated in Rule 8(c). Because these are nothing but bare-bones conclusions, with no factual allegations giving the plaintiff "fair notice" of the nature of the defenses, they are insufficient and are stricken. Likewise, affirmative defense 22 in defendant Nguyen's answer and affirmative defense 23 in PSI's answer are "catch-all" defenses, asserting a right to any and all affirmative defenses enumerated in Rule 8 without asserting even the nature of the defense, much less any factual allegations giving the plaintiff fair notice of the issue raised by the defense. Thus, these defenses also are stricken.

Affirmative defense 9 seeks to assert "all exemptions from the overtime and minimum wage provisions of the Fair Labor Standards Act." The court finds that this allegation fails to give "fair notice" to the plaintiff as to the nature of the exemptions sought to be claimed. Although the defense refers explicitly to the Fair Labor Standards Act, it does not describe either the exemptions relied upon or the facts from which an exemption might be inferred. It is the employer's burden of proving the applicability of an exemption to a particular employee, and in pleading an exemption, the

employer must fairly notify the plaintiff employee of the nature of the exemption being claimed. Because this allegation fails to do so, it is stricken.

Finally, affirmative defense 10 simply states that the defendants "seek [their] costs of litigation, including but not limited to attorneys fees." This is clearly not a defense to either plaintiff's claims under the FLSA or her state law claim for breach of contract. As discussed above, an affirmative defense is one that confesses the facts of the plaintiff's claim, but asserts an avoidance of liability on another basis. Certainly, this allegation does not do so, being more in the nature of a notice. Because it raises no issue in the nature of a denial of or a defense to plaintiff's claim, but simply gives notice that defendants will seek their fees and costs if they prevail, it is not an "insufficient" affirmative defense (it's not a defense at all) and need not be stricken.

Based on the foregoing considerations, the plaintiff's motion to strike affirmative defenses 1, 3, 4, 5, 7, 8, 9, 11, 16, 17, 18, 19, 20, and 22 in defendant Ty Van Nguyen's answer is GRANTED without prejudice to the defendant's right to re-plead any defenses supported by sufficient factual allegations. Likewise, the plaintiff's motion to strike affirmative defenses 1, 3, 4, 5, 7, 8, 9, 11, 16, 17, 18, 19, 20, 21, and 23 in defendant PSI's answer is GRANTED without prejudice to the defendant's right to re-plead any defenses supported by sufficient factual allegations. The motions to strike affirmative defense 10 in both answers is DENIED. To the extent that either defendant wishes to re-plead any defense, the amended answer of the defendant must be filed within fourteen (14) days of this Order.

The motions to strike the jury demands of the defendants are DENIED.

This case is hereby SET FOR JURY TRIAL on Monday, January 10, 2011, at 9:00 AM, in a courtroom to be determined. Proposed jury instructions must be filed by Monday, January 3, 2011, and motions in *limine* must be filed not later than Wednesday, January 5, 2011. Proposed *voir dire* questions can be delivered to the court the morning of trial.

DONE this 3rd day of November, 2010.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE